EXECUTIVE COMMERCIAL SERVICES, LTD., Plaintiff-Appellant, *v.*
AL JOHNSON CADILLAC, INC., Defendant-Appellee.

First District (1st Division)    No. 80-162

Opinion filed November 3, 1980.

Joseph B. Platt, of Chicago, for appellant.

Mitchell, Russell & Kelly, of Chicago (Thomas J. Russell and William H. Kelly, Jr., of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Executive Commercial Services, Ltd. (plaintiff), brought suit against Al Johnson Cadillac, Inc., and Photo-Scan of Illinois, Inc., for recovery of rentals for television scanning equipment. The trial court entered summary judgment in favor of Johnson and against plaintiff and judgment in favor of plaintiff and against Photo-Scan for $14,400. Plaintiff has appealed from the judgment in favor of Johnson.

Johnson contends the court is without jurisdiction to hear this appeal because plaintiff's notice of appeal was not timely filed. We agree.

Plaintiff filed its complaint on June 3, 1974. On November 9, 1976, plaintiff filed a motion for summary judgment against Johnson, an affidavit in support thereof, and a brief. On November 23, 1976, Johnson filed a motion for summary judgment, an affidavit, and a brief. Plaintiff replied December 9, 1976. On January 7, 1977, the trial court denied those motions. The case was set for trial on February 10, 1977, but was continued several times. Additional matters relating to the motion for summary judgment were filed by plaintiff and Johnson. On November 22, 1977, the trial court entered summary judgment in favor of Johnson

and against plaintiff and in favor of plaintiff and against Photo-Scan for $14,400.

On December 20, 1977, plaintiff filed a notice of a motion to present a petition for reconsideration of the judgment. The parties stipulated defendant be granted leave to file its petition instanter. The court granted leave to file the petition instanter and set the hearing for March 21, 1978. On January 19, 1978, Johnson filed an answer to the petition. The hearing was continued to March 31, 1978, and then to April 12, 1978. On April 12, 1978, arguments were heard and the matter was continued for "draft order to be submitted to the court within ten days of date hereof for its signature."

The next matter in the record is a draft order dated December 5, 1979, denying plaintiff's motion to reconsider. It concludes, "Plaintiff's motion for reconsideration be and hereby is denied and the court finds no just cause for delay of appeal." The record also contains a second order dated December 13, 1979, denying the same motion for reconsideration. On January 11, 1980, plaintiff filed a notice of appeal only from the order of November 21, 1977, which granted summary judgment against plaintiff.

Supreme Court Rule 303(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 303(a)) provides:

> "Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed * * *, within 30 days after the entry of the order disposing of the motion."

In this case the trial court entered the final judgment on November 22, 1977. Plaintiff's post-trial motion was filed December 20, 1977, within the 30-day period allowed. The denial of that motion was entered by the trial court on December 5, 1979. The plaintiff, in accordance with the above quoted rule, then had 30 days from December 5, 1979, to file its notice of appeal. Plaintiff, however, filed its notice of appeal on January 11, 1980, and thus failed to come within the 30-day period. "[F]ailure to file a timely notice of appeal deprives the appellate court of jurisdiction to consider the merits of the appeal." (*Kwak v. St. Anthony De Padua Hospital* (1977), 54 Ill. App. 3d 719, 724, 369 N.E.2d 1346; see *Sabath v. Mansfield* (1978), 60 Ill. App. 3d 1008, 1013, 377 N.E.2d 161, and cases there cited.) This court is therefore without jurisdiction to hear the merits of this case.

Plaintiff contends the 30-day period commences December 13, 1979, when the second order denying plaintiff's post-trial motion was entered.

The record discloses no reason for this duplication of orders. In our opinion, the second order has no legal effect to extend the time for filing the notice of appeal. Although plaintiff contends the trial court chose the language of the second order "as a more accurate statement" of its final judgment and thus modified the previous order, we find no such interpretation possible. Both orders clearly deny reconsideration of the final judgment. The original order entered December 5, 1979, even states "the courts finds no just cause for delay of appeal."

The parties by their counsel cannot in effect abrogate the rules of the supreme court simply by the device of obtaining a second superfluous order denying the already denied motion to reconsider the order appealed from. To permit this practice would effectually nullify the time limitation for filing the notice of appeal expressed in the pertinent rule with most unfortunate consequences.

For these reasons the within appeal is dismissed.

McGLOON and CAMPBELL, JJ., concur.